| | | |
|---|---|---|
| **3525 PRYTANIA STREET CONDOMINIUM ASSOCIATION, INC.** | * | **NO. 2023-CA-0077** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | * | **FOURTH CIRCUIT** |
| **PRYTANIA INVESTMENT PROPERTIES, LLC AND NARINDER GUPTA** | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

* * * * * * *

SCJ

**JENKINS, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority opinion. I do not find that PIP is the proper party for the Association's unjust enrichment claim. Trimark remained the owner of the four condominium units until November 17, 2020.

La. R.S. 12:1-1443, entitled "Effective date and effects of termination," provides in pertinent part:

A. The filing by the secretary of state of a corporation's articles of termination under R.S. 12:1-1440 or 1-1441 or a certificate of termination under R.S. 12:1-1442 causes the existence of the corporation to terminate on the effective date of the articles or certificate of termination. The effects of the filing of the articles or certificate of termination are not affected by any error in the articles or certificate, but the error may justify reinstatement of the corporation as provided in R.S. 12:1-1444 or the appointment of a liquidator as provided in R.S. 12:1-1445.

B. When the existence of the corporation terminates, the corporation's juridical personality ends except for purposes of any of the following:
…
(2) Concluding any proceeding to which the corporation is a party at the time of the termination.
(3) Continuing to own any undistributed corporate assets and to owe any undischarged corporate obligations or liabilities.
…

C. The termination does not do any of the following:
…
(2) Abate any proceeding to which the corporation is a party.
…

D. A terminated corporation's juridical personality, and the authority of a person acting on the corporation's behalf as its legal counsel or managerial representative, continues for purposes of Paragraph (B)(2) of this Section as if the termination had not occurred, but subject to the power of an authorized representative of a reinstated corporation, or of a liquidator appointed in accordance with R.S. 12:1-1445, to change the identity or authority of the legal counsel or managerial representative.

…

Although Trimark's corporate status terminated in 2018, it remained liable for the condominium assessments. As set forth in the applicable statute, an action against Trimark could have been taken, subsequent to an appointment of a liquidator.

Accordingly, I would reverse the trial court's October 3, 2022 judgment, awarding the Association condominium assessments, attorneys' fees, and costs.